# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Michael Chavez,<br><br>        Plaintiff,<br><br>v.<br><br>Maricopa County Board of Supervisors, et al.,<br><br>        Defendants. | No. CV 05-548 PHX JAT (JM)<br><br>**REPORT AND RECOMMENDATION** |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. Pending before the Court is a Motion to Dismiss the Complaint for Failure to Exhaust Administrative Remedies [Docket No. 14] filed by Defendant Maricopa County Board of Supervisors, Joe Arpaio, and Captain Peters. For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, grant the pending motion.

**A.     Background**

Plaintiff filed *pro se* the above-titled civil rights action pursuant to 42 U.S.C. § 1983 on February 16, 2005, alleging that the Durango Jail in Phoenix, Arizona, is severely overcrowded and that the living conditions are unsanitary. On August 15, 2005, Defendants Maricopa County Board of Supervisors, Joe Arpaio and Captain Peters have filed a motion to dismiss the complaint for failure to exhaust administrative remedies. Plaintiff has not responded to the motion.

The administrative process that the Defendant contends has not been exhausted is the Inmate Grievance Procedure, Policy Number DJ-3, which is attached to the Defendant's Motion as Exhibit 2A. The Grievance Procedure describes three levels of redress. First, the inmate must submit a Grievance Form to a detention officer for resolution by the officer, shift supervisor, or hearing officer. Second, if an inmate decides to appeal, he is provided an Institutional Grievance Appeal Form which is submitted to the jail commander. Third, if the inmate remains dissatisfied, he is informed of the right to pursue an External Grievance Appeal to be decided by an external referee. *Inmate Grievance Procedure*, ¶¶ 1-7. Only upon conclusion of this procedure is the inmate permitted to file a complaint in the Federal District Court. *Id.*, ¶ 8. In this case, Plaintiff admits and the records to the Maricopa County Sheriff's Office reflect that he has not exhausted his administrative remedies.

**B.     Discussion**

      **1.     Failure to Respond**

The docket reflects that Plaintiff has failed to respond to the Motion to Dismiss and that he has not provided a change of address. In Judge Teilborg's order dated May 19, 2005, Plaintiff was warned that the failure to file a Notice of Change of Address "may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." Additionally, Local Rule Civil 7.2(i) provides that a plaintiff's failure to timely respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i).

      **2.     Exhaustion of Administrative Remedies**

Exhaustion is an affirmative defense as to which defendants have the burden of proof, and is properly raised in an "unenumerated" Rule 12(b) motion to dismiss rather than in a motion for summary judgment. *See Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *See id.* at 1119-20.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a). This exhaustion requirement is mandatory and not merely directory. *See Porter v. Nussle,* 534 U.S. 516 (2002). All available remedies must be exhausted and those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *See id.* Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *See id.* at 988, 992; *Booth v. Churner,* 532 U.S. 731, 741 (2001).

Here, inmate grievance records for the Plaintiff indicated that he did not file any external appeals or grievances during the time he was housed in the Maricopa County jail system. *Motion to Dismiss*, Exhibit 2, ¶ 4. As such, the Defendants have satisfied their burden to establish that Plaintiff has failed to exhaust his administrative remedies in relation to his claims. 42 U.S.C. § 1997(e)(a).

**C.     Recommendation**

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, issue an Order **granting** the Motion to Dismiss [Docket No. 14] filed by Defendants Maricopa County Board of Supervisors, Joe Arpaio, and Captain Peters, and **dismissing** this matter without prejudice.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See*

1  28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.
2  Thereafter, the parties have ten (10) days within which to file a response to the objections.
3  If any objections are filed, this action should be designated case number: **CV 05-548-PHX-**
4  **JAT**.  Failure to timely file objections to any factual or legal determination of the Magistrate
5  Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.
6  *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 22nd day of November, 2005.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge