**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Michael Chavez,         ) | No. CV 05-548-PHX-JAT |
|                               ) | |
|       Plaintiff,              ) | **ORDER** |
|                               ) | |
| vs.                           ) | |
|                               ) | |
|                               ) | |
| Maricopa County Board of Supervisors, ) | |
| et al.,                       ) | |
|                               ) | |
|       Defendants.             ) | |
|                               ) | |

Pending before the Court is the Defendants' Motion to Dismiss (Doc. # 14). The Court now rules on the motion.

I.    Background

Plaintiff, Brian Michael Chavez, is incarcerated and in the custody of the Arizona Department of Corrections and files this action *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff's Complaint alleges that he was subjected to overcrowding and unsanitary conditions when he was detained at Durango jail. The Defendants move to dismiss the Plaintiff's Complaint on the basis that the Plaintiff failed to exhaust his administrative remedies prior to filing this action.

In support of their Motion to Dismiss, the Defendants have provided the Court with: (1) copies of the inmate grievance procedures and rules and regulations for inmates that were provided to the Plaintiff; (2) copies of any grievance forms submitted to the Defendants by

1  the Plaintiff; (3) affidavit from a relevant employee avowing that the Plaintiff did not file any
2  external appeals for grievances.

3  The Plaintiff failed to respond to the Defendants' Motion to Dismiss.

4  Magistrate Judge Jacqueline J. Marshall filed her Report and Recommendation on
5  November 22, 2005, recommending that the Defendants' Motion to dismiss be granted on the
6  ground that the Plaintiff failed to exhaust his administrative remedies. The Report and
7  Recommendation was mailed to the Plaintiff on November 23, 2005.

8  II.     Discussion

9  A motion to dismiss for a failure to exhaust non-judicial remedies is a
10 "non-enumerated" Rule 12(b) motion. *Ritza v. Int'l Longshoremen's and Warehousemen's*
11 *Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam). In deciding a motion to dismiss for
12 a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and
13 decide disputed issues of fact. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).
14 If the court concludes that a prisoner failed to fully exhaust the non-judicial remedies, the
15 proper remedy is dismissal without prejudice. *Id.* at 1120.

16 The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought
17 with respect to prison conditions under section 1983 of this title, or any other federal law, by
18 a prisoner confined in any jail, prison, or other correctional facility until such administrative
19 remedies as available are exhausted." 42 U.S.C. § 1997(e)(a). The exhaustion requirement
20 creates an affirmative defense, meaning the defendants have the burden of raising and
21 proving non-exhaustion of the claims. *Wyatt*, 315 F.3d at 1113. The exhaustion requirement
22 applies to all inmate suits concerning prison life. *Porter v. Nussle*, 534 U.S. 516, 532 122
23 S.Ct. 983, 992 (2002). The inmate must complete the administrative procedure, regardless
24 of the relief available. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001).

25 The Report and Recommendation points out that the docket reflects that the Plaintiff
26 failed to file a Notice of Change of Address, despite this Court's prior admonishment on May
27 19, 2005, that failure to do so "may result in the dismissal of the action for failure to
28 prosecute pursuant to Rule 41(b) for the Federal Rules of Civil Procedure." The Magistrate

1  Judge further warned the Plaintiff that Local rule 7.2(i) provides that a plaintiff's failure to
2  timely respond to a motion may be deemed a consent to the granting of the motion and the
3  court may dispose of the motion summarily.  Additionally, in her Report and
4  Recommendation the Magistrate Judge advised the Plaintiff that he had 10 days from the date
5  of service of a copy of the Report and Recommendation within which to file specific written
6  objections with the Court.  The time to file such objections has expired and no objections to
7  the Report and Recommendation have been filed.

8      The Plaintiff, by his complete failure to respond to the motion, fails to provide any
9  evidence that he grieved any of the counts alleged in his complaint.  Therefore, dismissal
10 without prejudice is appropriate.

11 III.   CONCLUSION

12     Having independently reviewed the record, the Court finds itself in agreement with
13 the Report and Recommendation of the Magistrate Judge.  Accordingly,

14     IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge
15 (doc. # 15) as the Order of this Court.

16     IT IS ORDERED GRANTING the Defendants' Motion to Dismiss (doc. # 14) and
17 dismissing this action without prejudice.

18     DATED this 19th day of December, 2005.

James A. Teilborg
United States District Judge